UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | Civil Action No. 19-cv-05957 |
| Plaintiff, | |
| v. | Hon. John Z. Lee |
| NORTHRIDGE HOLDINGS, LTD. ET AL. | |
| Defendants. | Magistrate Judge Susan E. Cox |

**RECEIVER'S MOTION FOR COURT APPROVAL
OF THE RATES TO BE CHARGED BY RECEIVER'S COUNSEL**

N. Neville Reid, not individually, but solely as the court-appointed receiver (the "Receiver") for the Estate of Defendant Northridge Holdings, Ltd. and the related entities and affiliates as set forth in more particularity in the Receivership Order (as defined herein) (collectively, the "Receivership Defendants"), and pursuant to the powers vested in him by the *Order Appointing Receiver* entered by this Court on September 12, 2019 [Dkt. No. 22] (the "Receivership Order"), has retained Fox Swibel Levin & Carroll LLP ("FSLC") as his counsel. The Receiver now respectfully moves this Court for an order approving the rates to be charged by the Receiver's counsel. In support of his Motion, the Receiver states as follows:

1. Section 214 of the Advisers Act [15 U.S.C. § 80b-14] gives this Court equitable jurisdiction over any Advisers Act violations. *See also SEC v. Blavin*, 557 F. Supp. 1304, 1316 (E.D. Mich. 1983) ("It is well established that the securities laws confer general equitable power upon district courts."); *SEC v. Texas Gulf Sulphur Co.*, 446 F.2d 1301, 1307 (2d Cir. 1971). Once the equitable jurisdiction of a district court has been properly invoked, the Court may use all of its equitable remedies to effectuate the statutory purpose, including

ordering non-injunctive relief in a variety of forms. *See J.I. Case Co. v. Borak*, 377 U.S. 426, 433 (1964); *see also Bell v. Hood*, 327 U.S. 678, 684–85 (1946).

2. Pursuant to the Securities Act of 1933, the Securities Exchange Act of 1934, and the Investment Advisers Act of 1940, the Securities and Exchange Commission sought and obtained the appointment of Receiver. Under the Receivership Order, the Receiver has authority in equity, as well as under 28 U.S.C. §§ 754, 959, and 1692, and Fed. R. Civ. P. 66, and was given broad powers to investigate and safeguard the assets of the Receivership Defendants. Among other powers, the Receiver is authorized to retain FSLC.

3. The Receiver has determined that there was in fact a substantial and justified need to retain counsel to perform the following services:

(a) advise the Receiver with respect to his powers and duties in the management and operation of the businesses and accounts of the Receivership Defendants;

(b) attend meetings and communicate with the representatives of investors, creditors, and other parties and advise and consult the Receiver on all legal and administrative requirements of operating in receivership;

(c) advise the Receiver in connection with the management of and liquidation of all assets owned by, in the possession of, or otherwise related to the Receivership Defendants;

(d) advise the Receiver with respect to legal issues arising in or relating to the Receivership Defendants' business in the ordinary course;

(e) take all necessary action to protect and preserve the receivership, including compelling compliance with the Receivership Order, prosecuting actions on its behalf, defending any actions commenced against it, negotiating with respect to all litigation in which the receivership may be involved or is otherwise affected and objecting to claims filed against the receivership;

(f) prepare on behalf of the Receiver all motions, applications, answers, orders, pleadings, reports, and papers necessary to the administration of receivership;

(g) bring actions to recover property unlawfully transferred by or from the Receivership Defendants or their affiliates;

(h) appear before this Court, or any appellate courts, and protect the interests of the receivership before any such Courts; and

      (i)      perform all other necessary legal services and provide all other necessary legal advice to the Receiver in connection with this proceeding.

      4.      The firm of FSLC has agreed to act on behalf of the Receiver, N. Neville Reid.

      5.      In the interest of full disclosure, N. Neville Reid states that he is a capital partner with the law firm of FSLC.

      6.      Neither FSLC nor any attorney at the firm holds or represents an interest materially adverse to the interests of the receivership.

      7.      FSLC has agreed to charge the receivership at a discount of its standard hourly rates for those attorneys and paralegals that work on this engagement. A list of the lawyers and paralegals most likely to be staffed on the assignment, including names, positions, current hourly rates and discounted hourly rates, is attached hereto as **Exhibit A**. The Receiver reserves the right to substitute, add or delete attorneys and paralegals from this list on an as needed basis. FSLC will charge the receivership the discounted rate described above for all attorneys, including those not listed in **Exhibit A**, who work on this engagement.

      8.      In addition, FSLC will continue to charge the receivership at the discounted standard hourly rates through the 2020 calendar year. If the receivership is still active on January 1, 2021, FSLC anticipates some increases to the standard hourly rates and discounted standard hourly rates effective beginning January 1, 2021, but will not adjust any hourly rates without prior approval of the Court.

      9.      FSLC will seek full reimbursement of any in-house out-of-pocket expenses and any out-of-pocket expenses that it incurs from outside vendors. Those charges include such things as photocopying service providers, travel, court reporter fees, and expert witnesses or consultants. FSLC will do its best to retain outside services providers on the most efficient, cost effective means.

10. FLSC will strive to allocate the work to the lowest billable rate commensurate with the nature of the project.

WHEREFORE, the Receiver respectfully requests that this Court (a) grant this Motion and enter the Order Approving the Rates to be Charged by Receiver's Counsel (attached hereto as **Exhibit B**) and (b) grant all other or further relief as is just and proper.

Dated: September 12, 2019                    N. Neville Reid, Receiver

                                                                 By:   /s/ Suj M. Pandya

                                                                 N. Neville Reid, Esq.
Ryan T. Schultz, Esq.
Suj M. Pandya, Esq.
Fox Swibel Levin & Carroll LLP
200 West Madison, Suite 3000
Chicago, IL  60606
Tel:  312.224.1200
Fax: 312.224.1201
nreid@foxswibel.com
rschultz@foxswibel.com
spandya@foxswibel.com