UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | Civil Action No. 19-cv-05957 |
| Plaintiff, | |
| v. | Hon. John Z. Lee |
| NORTHRIDGE HOLDINGS, LTD., ET AL., | |
| Defendants. | Magistrate Judge Susan E. Cox |

**ORDER (A) APPROVING RECEIVER'S TENTH INTERIM FEE APPLICATION FOR PAYMENT OF FEES AND EXPENSES OF COUNSEL FOR THE RECEIVER; AND (B) APPROVING RECEIVER'S NINTH INTERIM FEE APPLICATION FOR FEES AND EXPENSES OF RECEIVER'S <u>NON-FOX SWIBEL PROFESSIONALS</u>**

N. Neville Reid, as the receiver ("<u>Receiver</u>") for the Estate of Defendant Northridge Holdings, Ltd. and its related entities and affiliates as more particularly set forth in the Receivership Order, having filed the *Receiver's Combined (A) Tenth Interim Fee Application and Motion for Court Approval of Payment of Fees and Expenses of Counsel for the Receiver; and (B) Tenth Interim Fee Application and Motion for Court Approval of Payment of Fees and Expenses of Receiver's Non-Fox Swibel Professionals* (the "<u>Application</u>"), and the Court, having conducted a hearing on the Application, and for good cause shown, IT IS HEREBY ORDERED THAT:

The Receiver's Application is granted. Further:

 a. the fees and expenses of counsel for the Receiver at Fox Swibel Levin & Carroll, LLP are reasonable and necessary to the Receivership;

  b. the Receiver is authorized, but not directed, to immediately pay the fees and expenses more particularly set forth in the Application to counsel for the Receiver from the Receivership Estate;

  c. the fees of KRD as accountant for the Receiver are reasonable and necessary to the Receivership;

  d. the Receiver is authorized, but not directed, to immediately pay the fees and expenses more particularly set forth in the Application to KRD from the Receivership Estate;

  e. the fees and expenses of AlixPartners as forensic accountant for the Receiver are reasonable and necessary to the Receivership;

  f. the Receiver is authorized, but not directed, to immediately pay the fees and expenses more particularly set forth in the Application to AlixPartners from the Receivership Estate.

  g. the fees and expenses of Dickler Kahn as counsel for the Receiver are reasonable and necessary to the Receivership;

  h. the Receiver is authorized, but not directed, to immediately pay the fees and expenses more particularly set forth in the Application to Dickler Kahn from the Receivership Estate;

  i. the fees and expenses of ALAP as accountant for the Receiver are reasonable and necessary to the Receivership;

  j. the Receiver is authorized, but not directed, to immediately pay the fees and expenses more particularly set forth in the Application to ALAP from the Receivership Estate;

  k. the fees and expenses of Miller Kaplan as tax consultant for the Receiver are reasonable and necessary to the Receivership; and

      j.      the Receiver is authorized, but not directed, to immediately pay the fees and expenses more particularly set forth in the Application to Miller Kaplan from the Receivership Estate.

*[signature]*

**John Z. Lee**

**UNITED STATES DISTRICT JUDGE**

Entered: 5/3/22